```
       IN THE UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**v.**                      **Crim. Action No.: 1:22-CR-48**
                                     **(Judge Kleeh)**

**CHRISTOPHER NEAL BORAM, II,**

       **Defendant.**

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY [ECF NO. 19], ACCEPTING GUILTY PLEA, AND SCHEDULING SENTENCING HEARING

On September 19, 2022, the Defendant, Christopher Neal Boram ("Boram"), appeared before United States Magistrate Judge Michael J. Aloi and moved for permission to enter a plea of **GUILTY** to Count One of the Information, charging him with Unlawful Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Boram stated that he understood that the magistrate judge is not a United States District Judge, and Boram consented to pleading before the magistrate judge.

This Court referred Boram's plea of guilty to the magistrate judge for the purpose of administering the allocution, pursuant to Federal Rule of Criminal Procedure 11, making a finding as to whether the plea was knowingly and voluntarily entered, and recommending to this Court whether the plea should be accepted.

USA v. BORAM                                                         1:22-CR-48

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY [ECF NO. 19], ACCEPTING GUILTY PLEA, AND SCHEDULING SENTENCING HEARING

Based upon Boram's statements during the plea hearing, and the Government's proffer establishing that an independent factual basis for the plea existed, the magistrate judge found that Boram was competent to enter a plea, that the plea was freely and voluntarily given, that Boram understood the charges against him and the consequences of his plea, and that a factual basis existed for the tendered plea. The magistrate judge issued a *Report and Recommendation Concerning Plea of Guilty* ("R&R") [ECF NO. 19] finding a factual basis for the plea and recommending that this Court accept Boram's plea of guilty to Count One of the Information.

The magistrate judge **released** Boram on the terms of the Order Setting Conditions of Release [ECF No. 18].

The magistrate judge also directed the parties to file any written objections to the R&R within fourteen (14) days after service of the R&R. He further advised that failure to file objections would result in a waiver of the right to appeal from a judgment of this Court based on the R&R. Neither Boram nor the Government filed objections to the R&R.

Accordingly, this Court **ADOPTS** the magistrate judge's R&R [ECF NO. 19], provisionally **ACCEPTS** Boram's guilty plea, and

**USA v. BORAM**                                                1:22-CR-48

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY [ECF NO. 19], ACCEPTING GUILTY PLEA, AND SCHEDULING SENTENCING HEARING**

**ADJUDGES** him **GUILTY** of the crime charged in Count One of the Information.

Pursuant to Fed. R. Crim. P. 11(c)(3) and U.S.S.G. § 6B1.1(c), the Court **DEFERS** acceptance of the proposed plea agreement until it has received and reviewed the presentence investigation report prepared in this matter.

Pursuant to U.S.S.G. § 6A1 et seq., the Court **ORDERS** the following:

1. The Probation Officer shall undertake a presentence investigation of Boram, and prepare a presentence investigation report for the Court;

2. The Government and Boram shall each provide their narrative descriptions of the offense to the Probation Officer by **November 10, 2022**;

3. The presentence investigation report shall be disclosed to Boram, his counsel, and the Government on or before **December 1, 2022;** however, the Probation Officer shall not disclose any sentencing recommendations made pursuant to Fed. R. Crim. P. 32(e)(3);

4. Counsel may file written objections to the presentence investigation report on or before **December 15, 2022;**

**USA v. BORAM**  1:22-CR-48

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY [ECF NO. 19], ACCEPTING GUILTY PLEA, AND SCHEDULING SENTENCING HEARING**

5. Counsel's responses to objections to the presentence investigation report shall be filed on or before **December 22, 2022**;

6. The Office of Probation shall submit the presentence investigation report with addendum to the Court on or before **January 12, 2023**; and

7. Counsel may file any written sentencing memoranda or statements and motions for departure from the Sentencing Guidelines, including the factual basis for the same, on or before **January 19, 2023**.

The Court further **ORDERS** that prior to sentencing, Boram's counsel shall review with him the revised Standard Probation and Supervised Release Conditions adopted by this Court on November 29, 2016, pursuant to the standing order entered by Chief Judge Groh, In Re: Revised Standard Probation and Supervised Release Conditions, 3:16-MC-56.

The Court will conduct the **Sentencing Hearing** for Boram on **January 26, 2023**, at **11:00 a.m.**, at the **Clarksburg, West Virginia**, point of holding court. If counsel anticipates having multiple witnesses or an otherwise lengthy sentencing hearing, please notify the Judge's chamber staff so that an adequate amount of time can be scheduled.

4

**USA v. BORAM**                                                        **1:22-CR-48**

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION CONCERNING PLEA OF GUILTY [ECF NO. 19],
ACCEPTING GUILTY PLEA, AND SCHEDULING SENTENCING HEARING**

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record and all appropriate agencies.

**DATED:** November 3, 2022

*/s/ Thomas S. Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA

5